## No. 440.

J. W. WILSON, Administrator, *v.* J. A. CHALARON et al.

The law expressly allowed defendent, J. A. Chalaron, to make a giving in payment to his wife, and it was his duty to cause the registry of her mortgage to be made. This settlement with his wife can be corrected by his creditors, if found to be erroneous and to their prejudice. If the defendant believed the suits in which he confessed judgment were just demands against him, it was not only his privilege, but his duty to admit their correctness or confess judgment. This is no ground for attachment.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble, J. A. B. George* and *J. D. Watkins,* for plaintiff and appellant. *Egan* and *Hayes,* for defendant and appellee.

WYLY, J. The plaintiff appeals from the judgment dissolving on motion his attachment sued out against the defendant, Joseph A. Chalaron, on the ground that he was mortgaging and disposing of his property with intent to defraud his creditors.

The proof shows that the defendant confessed judgment in two suits against him, and also made a giving in payment to his wife and caused to be recorded her legal mortgage.

The law expressly allowed him to make a giving in payment to his wife, and it was his duty to cause the registry of her mortgage to be

41

made. The settlement with his wife can' be corrected by his creditors if found to be erroneous and to their prejudice. It is no ground for an attachment. It is the duty of suitors to be candid, and if the defendant believed the suits in which he confessed judgment were just demands against him, it was not only his privilege but his duty to admit their correctness or confess judgment. This is no ground for an attachment. Nor was the sale a disposition of his crop. An attachment is a harsh remedy, and those who wish to use it should see that their case come strictly under the provisions of the law.

From the evidence we are satisfied the defendant has not mortgaged or disposed of his property with intent to defraud his creditors. See 22 An. 531.

Judgment affirmed.